IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAGNI TORRES DIAZ, Alien Registration #232660752,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| | **NO.  26-3806** |
| **MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security,** **JOSEPH EDLOW, in his official capacity as Director, U.S. Citizenship and Immigration Services,** **MICHAEL CATALANO, in his official capacity as Field Office Director, U.S. Citizenship and Immigration Services Philadelphia, Pennsylvania and** **TODD BLANCHE, in his official capacity as Attorney General of the United States,** **Defendants.** | |

**O R D E R**[1]

**AND NOW**, this 12th day of June, 2026, **IT IS ORDERED** as follows:

(1) Seven (7) days prior to *any* motion being filed (including a motion under Fed.R.Civ.P. 12 or 56, 28 U.S.C. § 1441, or 28 U.S.C. § 1404), counsel must notify opposing counsel to discuss the substance of the potential motion, and the possible resolution of same.  These discussions shall be substantive and not perfunctory.  To this end, counsel shall provide the opposing party with an opportunity to cure any alleged defects prior to filing a motion;[2]

(2) In the event the parties are unable to preliminarily negate the need for the filing of a motion after engaging in substantive discussions, the moving party shall so specify

---

[1] This directive shall not apply to cases in which either side is *pro se*, or to bankruptcy or Social Security appeals.

[2] *See* Fed.R.Civ.P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."); *see also P&G v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848-849 (3d Cir. 2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets[.]") (citing *Landis v. N. Am. Co*., 299 U.S. 248, 254-55 (1936)); *In re Shawley*, 238 F. App'x 765, 767 (3d Cir. 2007) ("District Courts are vested with discretion in managing their dockets.").

in a Certification attached and filed with the motion.  Said Certification shall indicate the date(s) of discussion(s) and shall inform the court of the parties' inability to reach a resolution;

(3) Failure to comply with this Order shall result in denial of the motion without further notice.[3]

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

[3] Said denial shall be without prejudice upon initial non-compliance.